SAMUEL M. WARDEN *vs.* OLD COLONY RAILROAD COMPANY.

Suffolk.    March 10. — May 10, 1884.    DEVENS & COLBURN, JJ., absent.

A railroad corporation is liable to one of its employees for an injury occasioned to him by being struck by a bridge-guard, if the guard is out of its proper position, and this is caused by the wearing out of a rope attached to the guard, and the corporation has not made suitable provision to have notice of, and to remedy, defects liable to be occasioned by its use.

W. ALLEN, J.    In this action to recover damages for personal injuries alleged to have been caused by the negligence of the defendant, the defendant contended, at the trial, that it was entitled to judgment, as matter of law; and the only question reported is, whether, as matter of law, the judgment for the plaintiff was warranted by the evidence. The only objection made at the argument was, that there was no evidence of negligence on the part of the defendant.

The evidence tended to prove that the plaintiff, while pursuing his duties as a brakeman in the defendant's freight-yard, was pushed from the top of a freight car by a bridge-guard, called in the declaration a telltale. This was a strip of wood, which extended over the track at a height to strike a person standing upon a car, and which turned easily upon a pivot on a post by the side of the track. When it came in contact with a person standing on a car, it easily swung around on the pivot, and was brought back to its place over and at right angles to the track, and held there by means of a weight attached to it by a rope. There was evidence that the bridge-guard was out of position, in consequence of the weight having become detached by the breaking of the rope, and extended diagonally over and to about the middle of the track, so that the end of it came against the plaintiff, who was on a moving car, and pushed him from the car. There was no evidence that the bridge-guard was not in its device, and as originally constructed, suitable and safe, and we do not think that the judge, who tried the case without a jury, could have found for the plaintiff upon the ground that the rope had been broken for so long a time that notice to the defendant of that fact could be inferred; but we think that there was evidence which presented the question whether the defendant exercised due care in regard to the condition of the rope, and made suitable provision to have notice of, and to remedy, defects liable to be occasioned by its use. There was evidence that the rope was worn off by use, and that that was the natural consequence of the use for which it was intended, and which it was put to; and the judge may have found, upon the evidence, that no provision was made for examining the rope, or being informed of its condition from time to time, or for renewing it when it should become worn and unsafe. The only person who appears to have had any supervision over the bridge-guards, of which there were about twelve in the freight-yard, was the yard-master, who, as was testified by the transportation-master, was delegated by him "to look after the freight-yards, switches, bridge-guards, &c.," and whose duties were, as testified, "to see that the switches, bridge-guards, and everything in that line, were all right, and when anything was out of order to report to" the transportation-master. The yard-master testified, that

"no one had reported to him that the ball was off;" "that, if anything was out of repair, it was reported to him, and he reported to the proper authorities, and had it fixed." He further testified, that he passed this bridge-guard every day when his business called him to the cattle-yard, and that he might have gone there that morning; but he does not say that it was made any part of his duty to examine the condition of the ropes of the bridge-guards, or to observe whether they became worn or needed renewal; and the judge may have found, upon the evidence, that no provision was made for repairing or renewing the ropes before they should become worn out and broken by use.

It was the duty of the defendant to provide suitable means for keeping the rope in a safe condition, and neglect of that duty would be the direct negligence of the defendant, for which it would be liable, even if the negligence of a fellow servant with the plaintiff contributed to the injury. *Johnson* v. *Boston Tow-Boat Co.* 135 Mass. 209.

We think that the question whether the defendant was negligent in not making suitable provision for maintaining the rope in a safe condition was presented by the evidence; and we cannot say, as matter of law, that the finding of the court was not warranted by the evidence.          *Judgment for the plaintiff.*

*J. H. Benton, Jr.*, for the defendant.

*A. H. Briggs*, for the plaintiff.